The Chancellor.
Hope Copperthwait died in March, 1829, leaving a considerable personal estate, which she disposed of by a will, bearing date the twenty-second day of October, 1818, to which there were several codicils attached. The will was proved by Hannah Lippincott, Hope Haines, and Aquilla S. Midgway, the executor and executrixes appointed by the will. By the tenth clause of the will, the testatrix, after disposing of several small legacies, and after disposing of the three-fourth parts of the residue of her personal estate, makes the following disposition of the remaining fourth part:
“ Tenth. I give and bequeath unto my son, Wallace Lippincott, and my grandson, Aquilla S. Ridgway, and to the survivor of them, and to the executors, administrators, and assigns of such survivor, the remaining equal fourth part of the rest, residue, and remainder of my personal estate, whatsoever and wheresoever, upon and for the trusts, interest, and purposes, and with and sub-' *529 ject to the powers and provisoes herein after mentioned and expressed of and concerning the same, that is to say, upon trust that they, the said Wallace Lippincott and Aquilla S. Eidgway, and the survivor of them, and the executors, administrators, and assigns of such survivor, shall place the said last mentioned one-fourth part of my personal estate at interest upon good and sufficient seeucurity, and shall pay all the interest that shall arise thereon yearly, as it shall become due, to my daughter, Hannah Lippincott, so long as she shall live. And also, in trust, to pay unto my said daughter, Hannah Lippincott, so much of the principal money of the said last mentioned fourth part as my .said daughter Hannah shall from time to time, by writing under her hand, and attested by two credible witnesses, require of the said trustees. But in lire event that my daughter Hannah shall marry, then it is my will that the interest and principal money above directed to be paid to her, to he paid into her own hands, for her sole and separate use, and her receipt, notwithstanding her coverture, shall be a sufficient discharge to the said trustees therefor — my intent being that the same shall in no wise ho subject to the contracts, debts, or control of any husband she may marry. And from and immediately after the decease of my said daughter Hannah, in case she shall marry, and have children living at her death, or descendants of such children, then it is my will that what shall remain undisposed of, of the said last mentioned fourth part of the residue of my personal estate, vñth its accumulated interest, shall belong to and vest in the children of my said daughter Hannah, equally between them if more than one, to be paid to them as they respectively attain the age of twenty-one years. But if any children of my said daughter Hannah shall die before, leaving issue living at the time of the death of the said Hannah, then such issue shall stand in the place of their deceased parent, and take the parent’s share, and if more than one, equally between them. But in case my *530 said daughter Hannah shall die without any child, or descendant of such child, living at her death, then it is my will that the said trustees do pay such part of the last mentioned fourth of the residue of my personal estate, as may remain undisposed of at the time of the death of my said daughter Hannah, with its accumulated interest, unto such of the brothers and sisters of my said daughter Hannah, and their children, and in such proportions as-my said daughter Hannah shall, by last will and testament, or writing in nature thereof, signed by her hand, and attested by two credible witnesses, direct and appoint —my will being that my said daughter Hannah shall in such case have power to dispose of the same among her brothers and sisters, and their children, in such proportions as she may think fit, but to no other person or persons whomsoever. And in case my said daughter Hannah shall die not leaving any child at her death, or descendant of such child, and without having made such appointment and disposition of what shall then remain undisposed of, of the said last mentioned fourth part of the residue of my personal estate, as she is above empowered to make, then it is my will, and I do hereby direct the said trustees to pay the same unto the brothers and sisters of my said daughter Hannah in equal proportions, the share of such of the sisters, however, as shall then be married to be paid to their trustee for their separate use free from their husband’s control, the children of any deceased brother or sister to stand in the place of his, her, or their parent, and take that parent’s share equally between them, if more than one.”
By the death of Wallace Lippincott, Aquilla S. Bidgway, the defendant, became the sole trustee of the fund.
Hannah Lippincott never married. She died in August, 1849, leaving the complainants and the defendants entitled to the trust fund, in case no disposition had been made of it by Hannah Lippincott, according to the terms and directions of the will of Hope Oopperthwait. Han *531 nah Lippincott left a will, by which, after reciting the trust as it is created in Hope Copperthwait’s will, she directs, of and concerning the said trust fund, that the said Aquilla S. Ridgway, trustee, should pay to Rebecca Zilley, out of the same, the sum of one hundred dollars, and should retain all the residue thereof to and for his own use.
This bill is brought to compel the defendant, Aquilla S. Ridgway, as surving trustee, to account for the trust fund.
There are two matters at issue between the parties. The first is — whether Hannah Lippincott disposed of the trust fund in compliance with the will of Hope Copperthwait. The second is — as to the amount of the fund the trustee is bound to account for.
In looking at the case of Lippincott v. Stokes, 2 Halst. Ch. R. 122, 147, where this same will was before the Chancellor in reference to a trust created in favor of Hope Haines, similar in every respect to the trust involved in this cause, it appears that a question was made — whether Hope Haines had not reduced the trust fund into her possession, and thus extinguished the trust, according to the terms of the will. What was done by Hope Haines to reduce the fund, created for her benefit, into her possession, was done by Hannah Lippincott to reduce into her possession the trust fund created in her behalf. I take it that the decision which the Chancellor made in that case, on this point, is acquiesced in by the complainants, as the correct construction of what took place between the parties on the 25th of June, 1839, and of the papers executed at that date. I have given that matter no consideration whatever, as the point was not made or noticed on the argument, and for the reason, also, that such an issue is not fairly made by the answer.
The question — whether Hannah Lippincott disposed of the trust fund — has been decided upon a demurrer filed to this bill. The demurrer was overruled, on the ground *532 that she had not properly executed the power conferred upon her in disposing of the fund by her will. Lippincott v. Ridgway, 2 Stock. 164.
The only open question between the parties is as to the amount of the trust fund, which is in the hands of Aquilla S. Ridgway for distribution. As to the parties entitled to the fund, and their respective proportions, there is no dispute.
The principal of the fund was constituted by the one-fourth part of the residuary estate of the testatrix, Hope Copperthwait. The bill charges, “ that the said one-fourth part of the residue of the personal estate of the said Hope Copperthwait, which was bequeathed to the said "Wallace Lippincott and Aquilla S. Ridgway, in trust as aforesaid, amounted to the sum of nine thousand two hundred and oighty-nine dollars.” The answer of the trustee admits that this was the amount. On the argument, the complainants’ counsel endeavored to show that one-fourth of the residuary estate greatly exceeds this amount.' This is not an open question. The parties are concluded by the pleadings. The matter is too plain for doubt. There was no issue made between the parties as to the amount. The complainants themselves fixed the amount, and it was admitted by the defendant. The bill charges that the fourth of the residuary estate was $9289. The answer admits it. Ho effort was made by the defendant, because" he was not called upon to do so, to show by evidence that the amount was any way different from that stated in the pleadings. It would be a surprise on the defendant, and deprive him of that benefit of his answer to which he is entitled,'to permit the complainant, upon these pleadings, to question the amount.
But, on behalf of the complainants, it is insisted that from the time the principal of the trust fund was ascertained, interest has accumulated upon it in the hands of the trustee, until the principal, with its accumulated interest, amounts to upwards of twenty-five thousand dol *533 lars; and they insist that the trustee must account to them, not only for the principal of the fund, but for the accumulated interest also.
Before looking at the facts, as to the manner in which that interest has been collected and disposed of, upon which the trustee mainly relies to resist the claim which is made for the recovery of the accumulated interest, let us consider the propriety of the claim in a view most favorable to the demand, just as it is presented by the complainants in their bill of complaint. Suppose the trustee himself had put the fund at interest, and instead of paying the same over to the cestui que trust, as he was directed by the will to do, it had largely accumulated in his hands at the death of Hannah Lippincott, who would be entitled to that interest — the next of kin or legatees of Hannah, if she had disposed of it by will, or would it pass with the trust fund under the will of Hope Copperthwait ? This must depend upon the construction of the tenth clause of the will of Hope Oopperthwait. The property was hers, and she had a right to dispose of it as she pleased. The question is — what disposition has she made of it?
It is very clear that, in the first part of the tenth clause of the will, the interest of the trust fund is given to Hannah Lippincott absolutely. The trustees are directed to put it out on interest, and to pay all the interest that shall arise thereon yearly, as it shall become due, to Hannah Lippincott, so long as she shall live.
Bid the testatrix, subsequently qualify the gift in any way ? It is insisted, on behalf of the complainants, that she did; and that if the interest was allowed, in any way, to accumulate in the hands of the trustee, the testatrix annexed it to the trust, and that it followed the disposition of that fund. The testatrix directed, that from and immediately after the death of Hannah, in case she should marry, and have children living at her death, or descendants of such children, then that what should remain un *534 disposed of, of the fourth part of the residue of the said personal estate, with the accumulated interest, should belong to and vest in the children of Hannah, equally between them, &c. It is insisted that this is a qualification of the absolute gift of the interest, and is a different disposition of it, if it is allowed to accumulate in the hands of the trustee. If this is the correct construction, and if such was the intention of the testator, then it follows, that if the trustee committed a breach of his trust by neglecting or refusing to pay any, or all of the interest yearly, as it became due, and in violation of the express directions of the testatrix, withheld it from the cestni que trust, then that she was thereby deprived of the benefit of it. This is certainly a very harsh construction, and ought not to be adopted, unless the language and tenor of the will are such as to admit of no other construction. It is insisted that the language of the will is such as to admit of no other construction; that the testatrix having declared how the accumulated interest shall be disposed of, the court has nothing to do but to dispose of it in conformity with the directions of the testatrix. This is true; but then the court must determine what the testatrix meant by accumulated interest. Did she mean the interest which had accumulated on the fund which she had given to her daughter, and which she had directed her trustee to pay yearly ? or, did she mean such interest only as, at the death of Hannah, not having grown due and become payable to her, remained undisposed of? The words accumulated interest mean something, and may have their operation without giving to the will the construction contended for. The interest of the fund was -to be paid to Hannah annually, as it became due. The interest, therefore, between the last yearly interest that had accrued and the death of Hannah was undisposed of, and this may be considered the accumulated interest meant by the testatrix. But it was argued that there is something significant in the word accumulated, and that the testatrix could not have meant, in using such *535 language, tlie mere accruing interest, as suggested. But I think there is more propriety in holding that the testatrix did not attach any particular signifieaney to the word she used, than to hold that she made use of it for a purpose which placed in the hands of the trustee the power of defeating the bequest which she had made to her daughter.
But again, if the construction of the will is to turn upon any particular signifieaney the testatrix intended to give to the expression accumulated interest, the fact has been overlooked, that in the part of the tenth clause of the will, under which the complainants claim, the words accumulated interest are dropped entirely, and the fund only is disposed of. After declaring, if Hannah should die leaving children, the said one-fourth part of the residue of her said personal estate, with its accumulated interest, should be equally divided among the children, the testatrix provides, that if Hannah should die without children at her death, then it is her will that the said trustee should pay such part of the last mentioned fourth part of the residue of her personal estate as may remain undisposed of at the time of the death of her said daughter, with its accumulated interest, unto such of the brothers and sisters of her said daughter Hannah, &c. Then follows the last clause of the tenth item, which is the one under which the complainants claim — that if her daughter should die not leaving any child at her death, or descendants of such child, &e., then she directs her said trustee to pay, of what shall then remain undisposed of “of the said last mentioned fourth part of the residue of my personal estate,” unto the brothers and sisters of my said daughter Hannah, &c. While in the two immediate preceding clauses, she had provided for the disposition of the fund, with its accumulated, interest, she here disposes of the fund, omitting the language “ accumulated interest,” which language she had, as it is insisted, significantly used before. Ifj therefore, there is anything in the argument, that the word accumulated was used with any particular sig *536 nificancy, by the testatrix, in the several clauses of the tenth item referred to, there is something significant in the fact that she dropped the words in the bequest under which the complainants take; and the fair inference is, that if the events happened upon which the trust fund fell to the complainants, the previous bequest of the interest of the fund absolutely to her daughter should not be subjected to the qualification suggested.
The words “ accumulated interest” have no legal technical meaning. If they had, and other parts of the will showed that the testatrix did not intend to use them in such technical sense, the intention of the testatrix would prevail. I think it is clear that the testatrix, by the word accumulated, in the connection she made use of it, meant nothing more by it than accruing interest, or interest growing due upon the fund, and undisposed of by her.
■ But the trustee does not rely entirely upon this construction of the will in resisting this claim, but, as a defence, undertakes to show that Hannah Lippincott received all the interest upon the fund for the time the residuary estate was ascertained up to the time of her death. About the facts upon which this defence rests there is no dispute. Hope Haines, Hannah Lippincott, and Aquilla S. Kidgway were the executors of the will of Hope Haines. The testatrix’s estate consisted principally of bonds and mortgages, and like securities, in which her estate was invested. All these went into the possession of Hope and Hannah. "Wallace Lippincott, who was a co-trustee with Aquilla S. Kidgway of the fund in dispute, having died, the latter, by the terms of the will, became the sole trustee of the fund. An agreement in writing was entered into between Hannah, and Kidgway, as surviving trustee, by which Hannah acknowledged that she had in her hands the whole trust fund, and had received the interest on the same. She acquits and discharges the trustee from all liability as to the trust fund, and declares that it is her intention to retain in her hands, and to control and man *537 age the fund, although Aquilla S. Rigway is to continue the nominal trustee. Hannah did, in fact, continue to manage the trust fund, and received the interest upon it up to the time of her death.
In answer to these facts, the complainants show that Hannah Lippincott blended the principal and interest of the trust fund, from time to time, in the same securities; that she never expended any of the interest, but invested it with the principal, as she received it; that she kept it distinct from her own property, so that, when she died, it was ear-marked, and constituted one fund, amounting to upwards of $25,000; and that, as one fund, she disposed of it by her will, declaring that the fund had been largely increased by accumulated interest, and bequeathing it “ as the said trust fund, with its accumulated interest.” Can the fact, that Hannah Lippincott blended the interest and principal of the trust fund together, and made of it one common fund, alter the liability of the trustee ? He was directed to pay the interest to Hannah Lippincott. He did so, and received from her a full acquittance and discharge. Having discharged the duty of his trust in that respect, no act of Hannah Lippincott, or of any one else, can make him again responsible for that money as interest of the trust fund. The bill charges, that the principal sum of nine thousand two hundred and eighty-nine dollars, and interest not paid to said Hannah in her lifetime, amounts to at least the sum of twenty-five thousand dollars ; and it is for this amount the bill seeks to compel the trustee to account. But the trustee proves that the interest has been paid, and produces Hannah Lippincott’s receipt and discharge for it. But the counsel argues that she received the interest simply as the agent of the trustee. Suppose she did. Her receipt, and discharge to the trustee, of the part of the money which, as his agent, she collected, and which belonged to her, is as effective and full, for every purpose to discharge him of that part of his trust, as if he had himself collected the money, paid *538 it over to her, and taken her receipt. The bill does not charge that, after the receipt taken by the trustee, this money ever came back into the hands of the trustee as part of the trust fund, but it seeks to make the trustee liable for the disposition which Hannah Lippincott made of her own money. Suppose the trustee had commenced suit against Hannah for the trust fund, he could not have compelled her to account for the interest, on the ground that she had permitted it to accumulate, and had blended it with the principal of the fund. If Hannah Lippincott could have resisted such a demand made by the trustee, on the ground that the interest money was hers absolutely, I cannot see how any one can call him to account for that which, by no principle of law or equity, he was entitled to have in his possession.
And I cannot see how the fact, that Hannah Lippincott has disposed of the fund, with its accumulated interest, by her will, can give to these parties any claim upon the trustee to account to them for the interest which he paid over in discharge of the trust. These parties are not claiming under Hannah Lippincott, or her will. They are not claiming a fund which she has placed in the hands of Aquilla S. Ridgway for their benefit, but they are claiming adverse to Hannah Lippincott. She claimed the right of disposing of this fund. If it was hers, she had a right so to do. The complainants say that she had not the right. But they must show that she had not, before they can recover. The court has decided that she had no right to dispose of the fund itself, because it was not hers absolutely. The interest was hers, and she had the right to receive it, and did receive it. The fact, that she was mistaken as to her right to dispose of the fund itself, ought not to deprive her of her property in the interest, which was hers beyond any control. Or, if she was under a misconception as to the will of the testatrix, and supposed that the principal fund, and its accumulated interest, as it had been accumulated by her, were inseparable, her error *539 in this respect cannot alter her legal claim to the property, or deprive her of her right in it. By her will, she gave the fund, and its accumulated interest, to Aquilla S. Bidgway. The court has decided that she had no right to make such a disposition of the fund, but has not decided that the interest was any part of the fund.
This trustee was bound to pay the interest, by the terms of the trust, to Hannah Lippincott. Her receipt is his discharge for that interest against her and all the world, unless it can be shown that there was some mistake as to the receipt, and that she did not receive the money. This is not pretended. She did actually receive the money, and the receipt was intended by her to discharge and exonerate the trustee from any further demand on account of it.
The trustee must account for the sum of nine thousand two hundred and eighty-nine dollars, and the interest from the time of the last accruing yearly interest to the death of Hannah Lippincott.